IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **CELIA SANCHEZ and OSCAR SALAS, Statutory Death Beneficiaries of ERIK EMANUEL SALAS-SANCHEZ** | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-CV-133-PRM |
| **MANDO KENNETH GOMEZ ALBERTO RIVERA, PAMELA SMITH and the CITY OF EL PASO, TEXAS** | § § § § § | |
| *Defendants*, | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT CITY OF EL PASO'S
RULE 42(b) MOTION FOR BIFURCATED TRIAL**

**TO THE HONORABLE PHILIP R. MARTINEZ, UNITED STATES DISTRICT JUDGE:**

COME NOW CELIA SANCHEZ and OSCAR SALAS, Plaintiffs, and file this Response to Defendant City of El Paso's Rule 42(b) Motion for Bifurcated Trial, and would show the Court the following:

**INTRODUCTION**

Defendant City of El Paso moves to bifurcate the trial in this matter and separate the trial of the individual defendant officers from the trial of the City of El Paso.[1] [Doc. 60.] The other individual defendants have indicated that they do not oppose the City's motion, but they have not provided the Court with any briefing or other documents in support of the City's motion. The City essentially argues that bifurcation is appropriate because if the individual defendant officers are not found to have violated the U.S. Constitution, plaintiffs will not be able to establish

---

[1] It is not clear whether the City of El Paso is seeking bifurcation of the trial before the same or different jury.

*Monell* liability.  [*Id.*]  In addition, the City of El Paso argues that evidence in support of a *Monell* claim will necessarily involve the prior bad acts of other police officers and this evidence will be time-consuming, potentially prejudicial to the individual defendant officers and may confuse the jury if heard in the context of one trial against all defendants.  [*Id.*]  For all of the reasons set forth below, the City of El Paso's motion is both premature and without merit.

## ARGUMENT

**I.      Standard for Bifurcation under Fed. R. Civ. P. 42(b).**

"[T]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim…or of any separate issue or of any number of claims…"  Fed. R. Civ. P. 42(b).  A *Monell* bifurcation is appropriate if it "will further convenience, avoid prejudice, or promote efficiency."  *Amato v. City of Saratoga Springs*, 179 F.3d 311, 316 (2d Cir. 1999).  Whether to bifurcate the trial of various claims is a decision committed to the trial court's discretion.  *McLaughlin v. State Farm Mut. Auto, Inc. Co.*, 30 F.3d 861, 870 (7th 1994).

**II.     The City of El Paso's Motion is Premature and Without Merit.**

The City is not seeking to bifurcate discovery and has not filed a motion seeking to stay discovery against it.   The City merely requests a bifurcation of *the trial*.  [Doc. 60.]  Such a request at this early stage of the case is premature.  In a case where the only discovery that had taken place was the service of a request for production by plaintiffs, a district court found such a motion to bifurcate the trial "premature."  *See*, *Owen v. City of Tulsa*, 2008 WL 2945073 (N.D. Oklahoma, July 25, 2008) (unreported).  Without the benefit of discovery and a more fully developed record, it is difficult to evaluate the factors (convenience, prejudice and efficiency) bearing on a decision to bifurcate.

For example, the City of El Paso argues in its motion that there would be "inevitable prejudice" if evidence of other misconduct by officers not party to this action was presented in support of Plaintiffs' *Monell* claims. [Doc. 60, p. 2.] Relying on Plaintiffs' complaint, the City of El Paso argues that there will be ten "mini-trials" related to incidences of past misconduct by other officers presented at trial. [*Id*. at 6.] However, without the benefit of discovery, it is not clear that this evidence would actually be presented at trial on *Monell* liability. This precise issue was addressed in *Cadiz v. Kruger*, 2007 WL 4293976 *6 (N. D. Illinois, November 29, 2007):

> There are circumstances in which bifurcation of the trial of individual and *Monell* claims is appropriate. But at this stage, we cannot tell if this is such a case. *Monell* discovery has not yet been fully produced. Thus, neither the parties nor the Court has the least idea what evidence actually would be offered at trial on the *Monell* claim or just how prejudicial that evidence might actually be to the officers. [citation omitted] Without that information, the Court cannot evaluate the extent of prejudice that might be created by a unitary trial, or the effectiveness of measures short of bifurcation, or whether the threat of unfair prejudice outweighs the inefficiencies of proceeding in two trials (which….would be substantial under the City's bifurcation proposal).

Without any record, the City of El Paso has failed to demonstrate sufficient prejudice to justify bifurcation of the trial.[2]

The parties and the Court will be better positioned to address the merits of this motion after discovery. The benefit of discovery will help to shape the parties' claims and defenses. Expert reports will also refine Plaintiffs' claims and Defendants' defenses. Mediation may result in some claims being settled. In addition, summary judgment motions by either Plaintiffs or Defendants may further define the scope of the claims going to trial. It is also not inconceivable that the Court and even the parties may have a different view on whether bifurcation of the trial is appropriate as the record develops through the course of litigation.

---

[2] In addition, the City of El Paso argues that it is prejudice to the individual Defendant officers that justifies bifurcation; however, the individual defendant officers have not moved for bifurcation or made any specific showing of prejudice to them.

Therefore, Plaintiffs respectfully ask the Court to deny the City of El Paso's motion as premature. *See*, *Cadiz v. Kruger*, 2007 WL 4293976 at *11 (denying the City of Chicago's motion to bifurcate the trial, but finding that "[u]pon a more complete record, we later can revisit the question of whether bifurcation of the trial of the individual and *Monell* claims (in a proceeding before the same jury) is appropriate.").

If, however, the Court chooses to consider the merits of the City of El Paso's motion, it should still deny the City's motion for the following reasons.  First, the City of El Paso argues that bifurcation is proper because *Monell* liability cannot be established unless the Plaintiffs first establish that there was a constitutional violation by one of the Defendant officers.  [Doc. 60, p. 3.]  While this may be the case, it does not follow that it is inefficient for the same jury to hear evidence on the facts giving rise to individual liability and also hear evidence as to how the City of El Paso's policies and customs gave rise to those unlawful actions.  The City of El Paso acknowledges this point in its motion when it cites *Ricciuti v. New York City Transit Auth.*, 796 F.Supp. 84, 86-87 (S.D. N.Y. 1992) in which the court held that "it is conceivable that bifurcation might actually result in heightened expenditure of judicial resources."  If a jury finds that there was a constitutional violation, the second phase of trial would likely result in a longer aggregate time for trial than would a single trial on both claims. *Ryan v. City of Salem*, 2017 WL 2426868 *2 (D. Oregon June 5, 2017, slip op.) (citing *Martinez v. City of Oxnard*, 2005 WL 1525102 (C.D. Cal. June 23, 2005) (noting that bifurcated trials on *Monell* claims consume more judicial resources if the jury finds a constitutional violation in the first trial.)).

Second, Plaintiffs' theory of individual officer liability is closely intertwined with Plaintiffs' theory of *Monell* liability.  The unlawful entry into the Salas-Sanchez home and the unlawful tasing and shooting of Erik Salas-Sanchez are related to the City of El Paso's policies and practices on the use of excessive force in circumstances involving individuals exhibiting

mental health issues and the failure of the City to train and discipline its officers in excessive force/shooting cases. [Doc. 1.]. Since Plaintiffs' theory of the case is conducive to a single trial, bifurcation is not appropriate. *Ryan v. City of Salem*, 2017 WL 2426868 at *2 (finding bifurcation not warranted when the evidence of what the individual officer did and the what the City's policy allowed were "closely intertwined."). As discovery moves forward and the record becomes more developed, Plaintiffs' theory of the case may be refined and/or narrowed further supporting a denial of bifurcation.

Finally, the City of El Paso also raises the risk of "confusion for the jury" in support of its motion to bifurcate. [Doc. 60, p.6.] However, the potential of jury "confusion" can be resolved through other mechanisms such as limiting jury instructions. As the district court observed in *Cadiz v. Kruger*, "our system generally trusts jurors to understand and follow limiting instructions regarding consideration of evidence against some defendants and not others—even in criminal cases, where a person's liberty is at stake." *Cadiz v. Kruger*, 2007 WL 4293976 at *6 (citing *Medina v. City of Chicago*, 100 F.Supp.2d 893, 897 (N.D. Ill. 2000)) (internal citations omitted). "The fact that a unitary trial would expose jurors to evidence relevant to the *Monell* claim and not to the claims against the individual officers does not automatically mean that bifurcation is in order." *Id*. At this stage, the City of El Paso has failed to identify how normal procedural mechanisms cannot address any evidentiary issues that may arise in a single trial justifying bifurcation.

In sum, Plaintiffs respectfully request that the Court deny the City of El Paso's motion to bifurcate as premature. If however, the Court chooses to consider the present motion on the merits, Plaintiffs respectfully request that the Court deny the City of El Paso's motion because the City has failed to show on the current record that "convenience, potential prejudice or efficiency" support bifurcation of the trial. Fed. R. Civ. P. 42(b).

WHEREFORE, for all of the reasons stated above, Plaintiffs request that this Court deny Defendant City of El Paso's Rule 42(b) Motion for Bifurcated Trial.

Respectfully submitted,

ENRIQUE MORENO
State Bar No. 14430500
emoreno@morenolaw.us
THE LAW OFFICES OF ENRIQUE MORENO
701 Magoffin Avenue
El Paso, Texas 79901
(915) 533-9977
Fax: (915) 533-0033

-AND-

THE LAW OFFICE OF LYNN COYLE, PLLC
2515 North Stanton Street
El Paso, Texas 79902
(915) 532-5544
Fax: (915) 532-5566

By:     */s/ Lynn Coyle*
       LYNN COYLE
       Texas Bar No. 24050049
       lynn@coylefirm.com
       CHRISTOPHER BENOIT
       Texas Bar No. 24068653
       chris@coylefirm.com

**ATTORNEYS FOR PLAINTIFFS**

CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2017 I electronically filed *Plaintiff's Response to Defendant City of El Paso's Rule 42(b) Motion for Bifurcated Trial* [Doc. 60] with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

    */s/ Lynn Coyle*
LYNN COYLE