IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CELIA SANCHEZ and OSCAR SALAS, statutory death beneficiaries of ERIK EMMANUEL SALAS-SANCHEZ, Plaintiffs, v. MANDO KENNETH GOMEZ and the CITY OF EL PASO, TEXAS, Defendants. | § § § § § § § § § § § § § § § | EP-17-CV-133-PRM |

## ORDER GRANTING DEFENDANT CITY OF EL PASO, TEXAS'S MOTION TO BIFURCATE TRIAL

On this day, the Court considered Defendant City of El Paso, Texas's [hereinafter "Defendant City of El Paso"] "Opposed Renewed Rule 42(b) Motion for Bifurcated Trial" (ECF No. 148) [hereinafter "Motion"], filed on May 8, 2019; Plaintiffs Celia Sanchez and Oscar Salas's [hereinafter "Plaintiffs"] "Response to Defendant City of El Paso's Renewed Rule 42(b) Motion for Bifurcated Trial" (ECF No. 153) [hereinafter "Response"], filed on May 22, 2019; and Defendant City of El Paso and Defendant Mando Kenneth Gomez's [hereinafter "Defendant Officer Gomez"] "Reply to Plaintiffs' Response to Defendant City of El Paso's Opposed Renewed Rule

42(b) Motion for Bifurcated Trial" (ECF No. 155) [hereinafter "Reply"], filed on May 28, 2019, in the above-captioned cause. In its Motion, Defendant City of El Paso requests that the Court bifurcate any upcoming jury trial. Mot. 6–7. Accordingly, the Court would submit to a jury the claims against Defendant Officer Gomez before commencing with proceedings regarding the claims against Defendant City of El Paso. *Id.* After due consideration, the Court is of the opinion that Defendant City of El Paso's Motion should be granted.

This case concerns an officer-involved fatal shooting on April 29, 2015. Am. Compl. 2, June 15, 2017, ECF No. 17. Plaintiffs bring claims against Defendant Officer Gomez individually for violating Mr. Salas-Sanchez's constitutional rights pursuant to the Fourth and Fourteenth Amendments, and Defendant City of El Paso on various theories of municipal liability pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Id.* at 22–25. Though these claims incorporate similar facts, Plaintiffs' grounds for relief as to each defendant are predicated on different applications of law. Furthermore, a jury determination that Defendant Officer Gomez's actions caused Mr. Salas-Sanchez to "suffer a constitutional deprivation" is a necessary condition for conferring municipal liability on Defendant City of El Paso. Mot. 2, 5

2

(citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)); *see also Groden v. City of Dallas*, 826 F.3d 280, 283 n.2 (5th Cir. 2016) (interpreting *Heller* to mean that when a jury determines that a defendant officer did not commit a constitutional violation, there can be no *Monell* claim).

Federal Rules of Civil Procedure Rule 42 permits the Court to "order a separate trial of one or more separate issues . . . [or] claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). Such action may be taken "[f]or convenience, to avoid prejudice, or to expedite and economize [the trial]." *Id.* The Court is mindful that the parties have submitted arguments pertaining to each of these possible grounds. Having considered the same, the Court is of the opinion that the most compelling reason for bifurcating a trial would be to prevent undue prejudice against Defendant Officer Gomez.

*Monell* liability claims inherently require plaintiffs to provide evidence of other officers' wrongful acts. Mot. 4. Defendant City of El Paso, joined by Defendant Officer Gomez, argues that "[i]t would be fundamentally unfair for . . . [Defendant Officer Gomez] to be tried on the actions of other officers" for instances that are unrelated to his own

3

conduct. Reply 4. Conversely, Plaintiffs suggest that the risk of undue prejudice "may be addressed and resolved with existing procedural safeguards." Resp. 4. Having presided over this case for many months, the Court can confidently conclude that the evidence Plaintiffs intend to present against Defendant City of El Paso, if proven, could be upsetting for any juror. The burden of convincing a jury that such evidence does not confer liability is on Defendant City of El Paso alone. Therefore, Defendant Officer Gomez should not have to defend his own actions in fear that he shall be held liable for the grave actions of others. Furthermore, the Court is of the opinion that existing procedural safeguards would not prevent this risk.

Accordingly, **IT IS ORDERED** that Defendant City of El Paso, Texas's "Opposed Renewed Rule 42(b) Motion for Bifurcated Trial" (ECF No. 148) is **GRANTED**.

**IT IS FURTHER ORDERED** that should this case go to jury trial, Plaintiffs Celia Sanchez and Oscar Salas's claims against Defendant Officer Mando Kenneth Gomez, including the issue of whether Mr. Erik Salas-Sanchez was deprived of his constitutional rights, shall be tried first.

**IT IS FURTHER ORDERED** that should a jury, having considered the claims against Officer Mando Kenneth Gomez, determine that Mr. Erik Salas-Sanchez was deprived of his constitutional rights, the trial shall proceed regarding Plaintiffs Celia Sanchez and Oscar Salas's municipal liability claims against Defendant City of El Paso, Texas.

SIGNED this 26 day of February, 2020.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE