UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **CELIA SANCHEZ and OSCAR SALAS,** *as Statutory Death Beneficiaries of* **ERIK EMMANUEL SALAS-SANCHEZ,** *Plaintiffs,* v. **MANDO KENNETH GOMEZ and the CITY OF EL PASO, TEXAS,** *Defendants.* | § § § § § § § § § § § § | EP-17-CV-00133-DCG |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Celia Sanchez and Oscar Salas's "Motion for Leave to File" ("Motion") (ECF No. 348). Plaintiffs seek leave to file a motion to exclude the opinions of Defendants Mando Kenneth Gomez and the City of El Paso's non-retained blood splatter expert. Defendants filed a joint response in opposition to Plaintiffs' Motion. ECF No. 354. Plaintiffs filed a reply in support of their Motion. ECF No. 357. After due consideration of the Parties' arguments, the Court GRANTS Plaintiffs' Motion.

### I.   BACKGROUND

The parties dispute whether good cause exists to grant Plaintiffs' motion for leave to file a motion to exclude the opinions of Ludovico Granillo, Defendants' non-retained expert in blood splatter analysis. Each side vigorously argues their points of view.

Plaintiffs contend that despite the fact Defendants designated Granillo as a non-retained expert in January 2019, they failed to adhere to the disclosure requirements in Federal Rule of Civil Procedure 26(a). As a result, Plaintiffs argue, they lacked adequate notice of the facts and

opinions to which Granillo is expected to testify, as well as the substantial role Granillo is expected to play in Defendants' case.  Plaintiffs say their motion for leave to file comes late only because they recently discovered—without help from Defendants—the scope of Granillo's testimony while reading the trial transcript from the related state criminal case.[1]  That testimony, which is expected to be offered in this case, raises, according to Plaintiffs, serious concerns about the methodology Granillo employs to arrive at his conclusions.  In the end, Plaintiffs want to challenge the admission of Granillo's testimony on both procedural and substantive grounds.[2]

Defendants argue that Plaintiffs motion comes far too late.  They contend that Plaintiffs have long known that Granillo would testify as an expert in this case and have had ample opportunity, over the last three years, to challenge the admission of Granillo's expert testimony.  Defendants point to multiple instances during which deponents and others mentioned Granillo and his blood splatter analysis.  That, they assert, should have at least pushed Plaintiffs to depose Granillo or otherwise inquire about him.  Yet, Defendants say, Plaintiffs did no such thing.  Rather, in Defendants' view, Plaintiffs simply ignored that Granillo would serve as an expert.  In sum, Defendants' position is that Plaintiffs have been on notice of Granillo's testimony for years and therefore have had years to challenge its admission.

## II.   STANDARD

Plaintiffs seek an alteration of the Court's scheduling order; specifically, to the deadline for challenging the admissibility of testifying experts.  So Plaintiffs' Motion falls under Federal Rule of Civil Procedure 16(b)(4).  Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The good cause

---

[1] Texas pursued criminal charges against Defendant Gomez.  *Texas v. Gomez*, No. 20170D00910 (El Paso County Ct.).  The trial took place in October 2019.

[2] Lack of disclosure under Rule 26(a) and a *Daubert* challenge, respectively

standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).  In considering whether good cause exists, courts look to (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice.  *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

### III.     ANALYSIS

#### A. Explanation for Failure to Meet the Deadline

##### 1. *Whether Plaintiffs Were Unaware of Granillo's Expected Expert Testimony*

Plaintiffs' deadline to file a motion to exclude the testimony of one or more of Defendants' experts was in December 2019.  Now, years later, Plaintiffs seek leave to file a motion to exclude the expert testimony of one of Defendants' non-retained experts.  Defendants say this delay is inexcusable.  But Plaintiffs adequately explain the delay.

At the outset it's important to recognize that, in Defendants' eyes, Granillo's testimony is central to their case.  Resp. at 6 (indicating Defendants "built a defense and trial strategy around" Granillo's testimony); *see also* Mot. at 3 (describing Granillo's testimony in the related state criminal case).  Now back up in time.  The Court's First Amended Scheduling Order required expert designations to be filed on January 14, 2019.  ECF No. 101 at 2.  The Parties agreed to extend that deadline to January 21, 2019.  ECF No. 114.  On the day of the agreed deadline, Defendant Gomez designated Granillo as a non-retained expert.  ECF No. 115 at 2.

In his designation, Defendant Gomez described Granillo's expected expert testimony as follows: "Expected to testify regarding the crime scene investigation and specifically the blood splatter evidence in this case." *Id.* Neither party addressed the designation for a while. In the meantime, Granillo testified in the state criminal trial. Mot. at 3; Mot. Ex. 1B. At that trial, Granillo testified that, from the blood pattern, he could determine Mr. Salas-Sanchez's body position when Defendant Gomez shot him. *See generally* Mot. Ex. 1B. That testimony appears to be used to describe Mr. Salas-Sanchez's movement and position as it related to Defendant Gomez just prior to, or as, Defendant Gomez pulled the trigger. *See generally id.*

Plaintiffs say they were unable to attend each day of the related state criminal trial, and they missed the day Granillo testified. Mot. at 3. So as this case approached its May 2020 trial setting, Plaintiffs were unaware of the facts and opinions Granillo would testify to. *Id.* Tens of thousands of pages of documents were exchanged in the months leading up to trial in this case, and on April 16, 2020, Defendants produced the full transcript of the state criminal proceeding. Mot. Ex. 1A ¶ 4.

These 2020 dates should stand out. They mark the early days of the COVID-19 pandemic. Because of the pandemic, the Court vacated the May 2020 trial setting. ECF No. 317. Given the uncertainty of the time, the Court did not reset this case for trial. *Id.* And it wasn't reset until July 2021, at which point the Court set trial for April 4, 2022. ECF No. 339. It's understandable that due the uncertainty caused by the pandemic, and the lack of trial setting, that this case likely got put on the back burner.

Eventually, the lawyers began preparing for trial again. While preparing, Plaintiffs read the transcript from the state criminal proceeding. Mot. at 4. It was in there that Plaintiffs discovered the scope of the opinions and facts that Granillo would likely testify to during trial in

this case. It was in there that Plaintiffs discovered the importance of Granillo to Defendants. *See id.* In sum, Plaintiffs contend that, until recently, they did not have notice of the testimony Granillo intends to offer, so they had no basis on which to seek exclusion of his testimony. Mot. 2–4.

Defendants have a different view. They vehemently contend that Plaintiffs should have been well aware of the substance of Granillo's testimony. Resp. at 2. And even if they weren't, Defendants say that Plaintiffs should have long ago inquired about Granillo's testimony. *Id.* at 3, 6. Defendants point to the fact that four deponents mentioned Granillo and his blood splatter work. *Id.* at 2. They point to an April 2019 filing in which they again provided information designating Granillo as an expert.[3] *Id.* at 3 (citing ECF No. 131). They point to Plaintiffs' cross-designation of Defendants' experts, which included Granillo. *Id.* They point to their witness list. *Id.* (citing ECF No. 270). Finally, they point to a conversation between each side's lawyers about a trial exhibit created by, and in the possession of, Granillo. *Id.* at 4. All of this, Defendants contend, means Plaintiffs should have either moved to strike Granillo long ago or at least challenged the sufficiency of their designation of Granillo. *Id.* at 5–6. Defendants imply that the question, in part, is whether Plaintiffs have adequately explained why they did not timely raise the argument that Defendants' designation of Granillo is insufficient under Rule 26(a). *See* Resp. at 6.

### 2. *Whether the Question of Defendants' Compliance with Rule 26(a) Adds to the Plaintiffs' Explanation of their Failure to Meet the Deadline*

Perhaps some additional diligence could have helped Plaintiffs. But Defendants' framing of the issue—that is, the reason we are dealing with this so close to trial—improperly shifts the

---

[3] That designation provided no additional detail as to the scope, details, opinions, or facts to which Granillo would testify. *Compare* ECF No. 131-1 at 2–3 *with* ECF No. 115 at 2.

burdens of Defendants' expert disclosures to Plaintiffs. In effect, Defendants argue that Plaintiffs had an obligation to police Defendants' expert disclosures for compliance with Rule 26(a).

The disclosure requirements for non-retained experts are governed by Rule 26(a)(2)(C). A party must make three disclosures if they intend to present evidence through a non-retained expert: (1) the expert's identity; (2) "the subject matter on which the witness is expected to present evidence"; and (3) "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(A) & 26(a)(2)(C)(i)–(ii); *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018).

The purpose of Rule 26(a) is "generally [] to 'allow both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case.'" *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007) (quoting *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000)). Rule 26(a)(2) aims to prevent surprise both as to the existence of an expert as well as "to the scope of the [expert's] testimony."[4] *Id.* The burden to comply with Rule 26(a) is on the party proffering the expert. *See, e.g.*, Fed. R. Civ. P. 26(a)(2)(A) ("*a party* must disclose *to the other parties* the identity of any witness *it* may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." (emphasis added));

---

[4] Parties prevent surprise by providing sufficient detail. Providing only an "overview of the topics upon which" an expert witness might testify may be insufficient to meet the disclosure obligation imposed by Rule 26(a)(2)(C)(ii). *Amezcua v. Boon*, 754 F. App'x 551, 553 (9th Cir. 2018) (unpublished). Take an example. The Southern District of Texas opined that the summary requirement in Rule 26(a)(2)(C)(ii), while less onerous than the expert report requirement under Rule 26(a)(2)(B), at least "means a brief account of the main opinions of the expert." *Tolan v. Cotton*, Civil Action No. H-09-1324, 2015 WL 5332171, at *5–6 (S.D. Tex. Sept. 14, 2015) (citation and quotation omitted). That further requires, the court said, that the party identify the "main points" the expert intends to make and provide a summary of the facts the expert intends to rely on to make those points. *Id.* Under the court's view, it is insufficient to simply state the topic the expert intends to testify about or simply "reference large bodies of material sources of facts." *Id.* at *6. Ultimately, the court found that the defendants' description in their expert disclosure—that the experts "will offer opinions and testimony regarding [the plaintiff's] prospects as a major league baseball player before and after his injuries"—"[fell] well short of the [] requirements of Rule 26(a)(2)(C)(ii)." *Id.* at *7. Similar issues are raised in this case.

*Vanderberg*, 906 F.3d at 704 ("The expert witness disclosure requirements would be rendered meaningless if a party could ignore them and then claim that the nondisclosure was harmless because the other party should have read between the lines.").

Here, Defendants assert that Plaintiffs have not adequately explained their delay in filing a motion to exclude Granillo's testimony. Defendants say that Plaintiffs should not be surprised that Defendants intend to call Granillo or by the facts and opinions to which Granillo is expected to testify. As their theory goes, Plaintiffs have long had a basis for challenging Granillo. And Defendants correctly point out that they disclosed the identity of Granillo and the subject matter he would testify to, but that is all Defendants said of Granillo's expected testimony.

Plaintiffs raise the question of whether that disclosure complies with Rule 26(a)(2)(C)(ii). Under their theory, Defendants failed to give proper notice of Granillo's expert testimony—specifically, the scope of his testimony—and Plaintiffs seek a late challenge to that testimony only because they were left to determine, on their own, the facts and opinions to which Granillo is expected to testify.

### 3. *Plaintiffs Adequately Explain Their Failure to Meet the Deadline*

This factor weighs in Plaintiffs' favor. Despite questions about whether Plaintiffs could have been more proactive in determining what Granillo would be testifying about, the sequence of events shows that Plaintiffs were simply not aware of the scope of Granillo's testimony, or Defendants' reliance on his testimony, prior to reading the transcript from the state criminal proceeding. Moreover, Plaintiffs raise important questions about whether they were ever properly notified of Granillo's testimony. If they were not, that would help explain their failure to meet the deadline.

### B. Importance of the Relief Sought

Plaintiffs argue that filing their motion to exclude Granillo's testimony is important for two reasons. First, Plaintiffs assert that they did not have adequate notice of Granillo's expected expert opinion—and therefore could not prepare an adequate rebuttal—because Defendants failed to disclose a summary of the facts and opinions to which he intends to testify. *See* Mot. at 2; Reply at 6. Second, Plaintiffs contend that there are "serious concerns" about Granillo's "lack of methodology used to arrive at his purported opinion" that cannot be addressed on cross-examination. Mot. at 4; Reply at 5–6.

Defendants don't question the importance of being able to challenge the qualifications or opinions of an opposing party's expert. Instead, Defendants argue that "the importance of being allowed to completely seek an exclusion of this witness is offset by Plaintiffs' ability to cross-examine and impeach him in trial." Resp. at 7. In essence, Defendants restate their "it's too late" argument.

This factor weighs in favor of Plaintiffs. Experts can play a substantial (sometimes decisive) role at trial. So procedural and substantive protections are in place. First, Rule 26(a) requires disclosures so that the opposing party is on notice and can "prepare for trial." *See Geiserman*, 893 F.2d at 792. Second, the Federal Rules of Evidence provide substantive protections. "Federal Rule of Evidence 702 imposes a special obligation upon a trial judge to 'ensure that any and all scientific testimony . . . is not only relevant, but reliable.'" *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting Fed. R. Evid. 702). Flowing from that "gatekeeping obligation," *id.*, is the importance of allowing parties to challenge the admission of an opposing party's expert.[5] Plaintiffs raise questions about both procedural and

---

[5] Challenges to the admission of expert testimony are even allowed during trial. *See United States v. Wen Chyu Liu*, 716 F.3d 159, 167 n.19 (5th Cir. 2013).

substantive departures with respect to the designation of Granillo and his ultimate expected testimony. In doing so, they have shown this factor weighs in their favor.

### C. Potential Prejudice

This factor cuts both ways. It is possible that Defendants, who have apparently substantially built their case around Granillo's testimony, could be prejudiced by the eleventh-hour exclusion of his expert opinion. On the other hand, if Defendants failed to comply with their disclosure obligations under Rule 26(a)(2)(C), then Plaintiffs may be prejudiced by the inclusion of Granillo's expert opinion. *See E.E.O.C. v. General Dynamics Corp.*, 999 F.2d 113, 115–16 (5th Cir. 1993). Ultimately, the Court is of the opinion that to resolve this conflict, and prevent prejudice from befalling either party, it must reach the merits of the dispute.

### D. Availability of a Continuance

This factor weighs in favor of Defendants. Both Parties agree that continuance "is not an option." Resp. at 8; Reply at 7. And the Court is quite inclined to agree. Because the Parties agree, the Court need not further address this factor.

### IV. CONCLUSION

The first and second factors weigh in favor of Plaintiffs. The third factor cuts both ways and highlights the importance of addressing the underlying issue. The fourth weighs in favor of Defendants, but not heavily enough to outweigh the Court's conclusions as to the first three factors. In sum, Plaintiffs have shown good cause for allowing the late filing of their motion to exclude the expert opinions of Ludovico Granillo.

At this stage, the Court expresses no opinion as to the merits of the Parties' arguments on this issue. The dispute presents important questions about the procedural and substantive protections in place with respect to the admission of expert opinion testimony. The Court will address those issues once the Parties have fully briefed them.

Accordingly, **IT IS ORDERED** that Plaintiffs Celia Sanchez and Oscar Salas's "Motion for Leave to File" (ECF No. 348) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants **SHALL FILE** a response to Plaintiffs' "Motion to Exclude Opinions of Ludovico Granillo" by **March 24, 2022**.

**IT IS FURTHER ORDERED** that Plaintiffs **MAY FILE** a reply by **March 29, 2022**.

**So ORDERED and SIGNED on this 17th day of March 2022.**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**